UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHUC V. BUI (A-Number: 027-997-878),<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-03993-DC-JDP (HC)<br><br>ORDER ADOPTING IN PART AND DECLINING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 11) |

Petitioner, an immigration detainee, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 10, 2026, the magistrate judge filed findings and recommendations. (Doc. No. 11.) In the findings and recommendations, the magistrate judge found that: (1) Respondents failed to establish in this action that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2); and (2) under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), Petitioner's ongoing detention without a bond hearing violates his Fourth Amendment right to due process. (*Id.* at 2–7.) The magistrate judge recommended that Petitioner be immediately released from immigration custody. (*Id.* at 8.) The findings and recommendations were served on all parties and contained notice to all parties that any objections were to be filed within seven days. (Doc. No. 11.) On July 17, 2026, Respondents filed objections to the findings and recommendations in which they argue

that: (1) it is an immigration court's role, not this court's role, to review the validity of inadmissibility determinations; (2) it is Petitioner's burden in this action to prove he is entitled to be admitted, and Petitioner failed to meet that burden; (3) due process does not require a pre-deprivation bond hearing; and (4) the relief of release is improper. (Doc. No. 12.)

On July 21, 2026, the undersigned directed the parties to file supplemental briefing addressing whether Petitioner, a Lawful Permanent Resident, was properly treated as an applicant for admission upon his return to the United States from a trip abroad. (Doc. No. 13.) On July 22, 2026, Respondents filed their supplemental briefing, arguing that Petitioner was properly considered an applicant for admission because Petitioner "committed an offense under [8 U.S.C.] § 1182(a)(2) and he was absent from the United States for a continuous period exceeding 180 days." (Doc. No. 14 at 1) (citing 8 U.S.C. §§ 1101(a)(13)(C)(ii), (C)(v).) On July 27, 2026, Petitioner filed his supplemental brief in which he argues that: Petitioner was improperly treated as seeking admission at the border because he is a Lawful Permanent Resident, Respondents' evidence is insufficient to prove that he committed a qualifying offense or was outside the United States for over 180 days when he sought re-entry, and Respondents failed to prove in this action that Petitioner is inadmissible to support his mandatory detention under § 1225. (Doc. No. 15.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. This court will decline to adopt in part and adopt in part the findings and recommendations, as follows.

**A. Mandatory Detention Under 8 U.S.C. § 1225(b)(2)**

A noncitizen with lawful permanent residency is statutorily classified as seeking admission if they have "been absent from the United States for a continuous period in excess of 180 days," or "committed an offense identified in section 1182(a)(2)," which includes being "convicted of . . . a crime involving moral turpitude . . . or an attempt or conspiracy to commit such a crime." 8 U.S.C. §§ 1101(a)(13)(C)(ii), 1101(a)(13)(C)(v), 1182(a)(2)(A)(i)(I). If an examining officer determines that a noncitizen "seeking admission is not clearly and beyond a doubt *entitled to be admitted*," they shall be detained for removal proceedings. 8 U.S.C. § 1225(b)(2) (emphasis added).

Although the government must ultimately prove, by clear and convincing evidence, that a noncitizen was properly treated as seeking admission into the United States and subject to inadmissibility, the government need not meet this burden until removal proceedings are held before an immigration judge. *See Vazquez Romero v. Garland*, 999 F.3d 656, 664 (9th Cir. 2021) (holding that the government need not prove by clear and convincing evidence at the border that a Lawful Permanent Resident "falls within an exception under § 1101(a)(13)(C), when such a determination depends on facts that are not practically ascertainable at the border," but must do so "at subsequent removal proceedings"); *Blanche v. Lau*, 146 S. Ct. 1981, 1988–1990 (2026) (affirming *Romero* and holding the government properly charged the noncitizen with inadmissibility upon his re-entry to the country due to pending criminal charges because "[b]order officers did not have the burden to establish by clear and convincing evidence that [the noncitizen] had committed a crime involving moral turpitude").

Petitioner was convicted of crimes involving controlled substances, theft, and violence directed at another person. (Doc. Nos. 1 at 5, 20–22; 7-1.) In light of these criminal convictions, and the precedent set forth under *Vazquez Romero* and *Blanche*, this court finds that it was reasonable for the inspecting border officer to treat Petitioner as a noncitizen "seeking admission" under 8 U.S.C. §§ 1101(a)(13)(C)(v)[1] and to decide that he was "not clearly and beyond a doubt entitled to be admitted," consequently subjecting Petitioner to mandatory detention under 8 U.S.C. § 1225(b)(2). While the government is required to prove the bases for Petitioner's detention under 8 U.S.C. § 1225(b)(2) by clear and convincing evidence in Petitioner's removal proceedings currently pending before the immigration court (Doc. No. 12 at 3), the government was not required to do so at the United States border, or here in these habeas proceedings. Thus, this court finds that Petitioner was properly detained under 8 U.S.C. § 1225(b)(2) and declines to adopt the magistrate judge's findings to the contrary.

[1] Given Petitioner alleges that he was detained at the airport after arriving "from a 6 months return trip from Vietnam" (Doc. No. 1 at 5), and Respondents' records indicate that Petitioner was outside of the United States for approximately 183 days (Doc. Nos. 1 at 20; 14; 14-1), there was an additional basis for the border officer to reasonably treat Petitioner as seeking admission under 8 U.S.C. §§ 1101(a)(13)(C)(ii).

**B. Due Process**

Because § 1225(b)(2) does not require a pre-deprivation bond hearing, and because such a hearing would be impractical in light of the "quick" decisions immigration officers must make at the border, this court holds the government was not required to provide Petitioner with a pre-deprivation bond hearing and declines to adopt the magistrate judge's recommendation in this regard (Doc. No. 7 at 7). *See Romero v. Garland*, 999 F.3d 656 at 664 ("[I]mmigration officers must make quick judgments at the border, including whether a returning LPR should be treated as an applicant for admission.").

The court has, however, repeatedly found that due process entitles noncitizens subject to prolonged mandatory immigration detention to a bond hearing at which the government must bear the burden of justifying the noncitizen's continued detention. *See, e.g.*, *M.M. v. Bondi*, No. 1:26-cv-00813-DC-AC, 2026 WL 604200 (E.D. Cal. Mar. 4, 2026) (granting temporary restraining order and ordering bond hearing before an immigration judge for a petitioner who had not received any such hearing during approximately sixteen months of mandatory detention under § 1225(b)); *Nasar v. Warden*, No. 2:26-cv-00433-DC-AC, 2026 WL 731160 (E.D. Cal. Mar. 16, 2026) (granting temporary restraining order and ordering a second bond hearing where nine months had elapsed since the petitioner had received a bond hearing during their mandatory detention under § 1225(b)); *Singh v. Chestnut*, No. 1:26-cv-00127-DC-SCR, 2026 WL 766567, at *1 (E.D. Cal. Mar. 18, 2026) (granting habeas petition and ordering a bond hearing for a petitioner who was mandatorily detained under § 1226(c) for over fifteen months without a bond hearing).

Here, Petitioner has been detained for over seven months, which exceeds the presumptively reasonable six-month period of mandatory immigration detention established by the Supreme Court, albeit in a different statutory context. *See Zadvydas v. Davis*, 533 U.S. 678 (2001) (holding that noncitizens detained under 8 U.S.C. § 1231(a) are constitutionally entitled to release when their removal is not reasonably foreseeable). Further, the criminal convictions supporting Petitioner's current detention are over a decade old, and Respondents do not otherwise contend that Petitioner is a threat to community safety or a flight risk. Thus, the court adopts the

magistrate judge's finding that Petitioner's ongoing prolonged detention without a bond hearing violates his constitutional right to due process (Doc. No. 7 at 4–6), but consistent with this court's previous decisions, finds that a post-deprivation bond hearing, not immediate release, is the appropriate relief under the circumstances of this case.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 10, 2026 (Doc. No. 11), are DECLINED IN PART and ADOPTED IN PART;

2. Petitioner Phuc V. Bui's (A-027-997-878) petition for a writ of habeas corpus (Doc. No. 1), is GRANTED;

3. Within seven (7) days of the date of entry of this order, Respondents are ORDERED to provide Petitioner a bond hearing before an immigration judge, at which the government bears the burden of showing by clear and convincing evidence that Petitioner is either a flight risk or danger to the community to justify his continued detention;

4. Within eight (8) days of the date of entry of this order, Respondents must file a notice with the court certifying compliance with this order;

5. The Clerk of the Court is directed to serve Golden State Annex Detention Facility with a copy of this order; and

6. The Clerk of the Court is directed to enter judgment accordingly and close this case.

IT IS SO ORDERED.

Dated: **August 15, 2026**

Dena Coggins
United States District Judge